UNITED STATES DISTRICT COURT FOR THE

SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| **C.A.** through their next friend P.A., **C.B.** through his next friend P.B., and **C.C.** through his next friend P.C., for themselves and those similarly situated,<br><br>**Plaintiffs,**<br><br>v.<br><br>**Kelly Garcia**, in her official capacity as Director of the Department of Health and Human Services,<br><br>**Defendant.** | C/A No. _____<br><br><br>**<u>BRIEF IN SUPPORT OF PLAINTIFFS' MOTION TO PROCEED USING PSEUDONYMS</u>** |

## INTRODUCTION

Plaintiffs C.A., C.B., and C.C. are three children on Medicaid who are diagnosed with serious emotional and behavioral health conditions and who have been deprived of the intensive mental health services medically necessary for them to safely remain at home and in their communities. Plaintiffs filed this action on behalf of themselves and a putative class of similarly situated children against Defendant Kelly Garcia, in her official capacity as Director of the Department of Health and Human Services, alleging systemic violations of the Medicaid Act, the Americans with Disabilities Act, and Section 504 of the Rehabilitation Act. Because they are minors, and due to the highly sensitive and confidential nature of these allegations, which proceed against state officials, the Plaintiff children and their parent Next Friends seek to proceed anonymously under pseudonymous initials. For the reasons set forth below, their motion should be granted.

1

## LEGAL STANDARD

Courts generally use a balancing test to determine whether parties can proceed in litigation using pseudonyms: where a plaintiff "has a substantial privacy right which outweighs the 'customary and constitutionally-embedded presumption of openness in judicial proceedings,'" a plaintiff may proceed anonymously. *Heather K. by Anita K. v. City of Mallard*, 887 F. Supp. 1249, 1256 (N.D. Iowa 1995) (citing *Doe v. Frank*, 951 F.2d 320 (11th Cir. 1992)). Several circumstances weigh in favor of allowing a party to proceed using a pseudonym, including, though not limited to, where "the interests of children are at stake," where plaintiffs would be required to disclose information of the "utmost intimacy," and where the plaintiff is challenging governmental activity. *Doe v. Hartz*, 52 F. Supp. 2d 1027, 1044-47 (N.D. Iowa 1999); *see Heather K.*, 887 F. Supp. at 1256 (allowing minor plaintiff to proceed anonymously). Courts may allow the use of pseudonyms where anonymity is necessary to preserve privacy in "matters of a sensitive and highly personal nature," *Hartz*, 52 F. Supp. 2d at 1045, or where there is "some social stigma" that would result from public disclosure of the plaintiffs' identities, *Ashley Madison Customer Data Sec. Breach Litig.*, MDL No. 2669, 2016 WL 1366616, at *3-4 (E.D. Mo. Apr. 6, 2016) (citation omitted). These factors are just some among the many a court must consider in "carefully review[ing] all the circumstances of a given case and then decid[ing] whether the customary practice of disclosing the plaintiffs identity should yield to the plaintiff's privacy concerns." *Hartz*, 52 F. Supp. 2d at 1046.

# ARGUMENT

Plaintiffs and their Next Friends should be permitted to proceed anonymously here for the reasons set forth below:

First, the use of pseudonymous initials for the Named Plaintiff children is necessary to prevent the disclosure of personally identifying information of minors. Under Federal Rule of Civil Procedure 5.2, where a filing would include "the name of an individual known to be a minor," it may include only "the minor's initials." Fed. R. Civ. P. 5.2. Local Rule 10 similarly directs that parties must modify or redact "personal data identifiers," including the "[n]ames of minors," in any publicly filed document. The age of the Named Plaintiff children alone dictates that their identities should be protected.

Second, the use of pseudonymous initials for the Named Plaintiffs is necessary to safeguard highly sensitive information, the disclosure of which could result in trauma, social stigma, and other negative consequences. The Plaintiff children's lawsuit concerns their need for significant mental and behavioral health care; it discusses their medical histories, diagnoses, disabilities, medications, institutionalizations, mental health crises, and difficult family circumstances. These matters are of the utmost intimacy. *See Vitek v. Jones*, 445 U.S. 480, 492 (1980) (noting that compelled psychiatric treatment "can engender adverse social consequences to the individual" that can "have a very significant impact on the individual") (citation omitted); Order, *G.R. v. Foxhoven*, No. 4:17-CV-00417-SMR-HCA (S.D. Iowa), ECF No. 3 (allowing minor plaintiffs to proceed under pseudonym in case involving their disabilities and access to mental health care); *Doe v. Indiana Black Expo, Inc.*, 923 F. Supp. 137, 139 (S.D. Ind. 1996) (noting that "if litigation involves facts about a child's medical condition or disability . . . use of fictitious names or initials may be permitted"); *see also Doe H.M. v. St. Louis County*, No. 4L07-CV-2116CEJ, 2008 WL 151629, at

*1 (E.D. Mo. Jan. 14, 2008) (granting motion to proceed under pseudonym where the disclosure of "very personal information" about one's childhood could "prove embarrassing to plaintiff and his family and could subject them to unnecessary public scrutiny"). Moreover, courts have recognized a constitutionally protected interest in avoiding disclosure of medical information. *See Doe v. Beard*, 63 F. Supp. 3d 1159, 1166 n.4 (C.D. Cal. 2014) (collecting cases).

Third, allowing the parent Next Friends to proceed anonymously is necessary to protect the minor Named Plaintiffs. The Next Friends in this case are the parents of the Named Plaintiff children. Several of the Next Friends share the last names of the Named Plaintiffs. They have been responsible for enrolling them in school and are known in their communities as the caregivers for the Named Plaintiffs. Allowing the Next Friends to proceed anonymously is therefore necessary to protect the identities of the Named Plaintiffs. *See Privacy Matters v. U.S. Dep't of Educ.*, No. 16-CV-3015 (WMW/LIB), 2016 WL 6436658, at *5 (D. Minn. Oct. 27, 2016) (allowing the minor named plaintiff and her mother next friend to redact her real name and signature, her mother's real name and signature, and two recent photographs of herself).

Fourth, the fact that the instant case is brought against the Defendant in her official capacity in a government position further weighs in favor of permitting the Plaintiff children and their Next Friends to proceed anonymously. Courts have observed that it is appropriate to allow plaintiffs to proceed anonymously when they are "challenging the constitutional, statutory or regulatory validity of government activity" – precisely what Plaintiffs challenge here. *Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707, 713 (5th Cir. 1979); *Doe v. United States*, 210 F. Supp. 3d 1169, 1173 (W.D. Mo. 2016) (permitting Plaintiffs to proceed anonymously where challenging governmental activity).

<u>Finally</u>, allowing the use of pseudonymous initials in publicly-filed documents would cause no prejudice to Defendant. Plaintiffs' counsel will disclose the Named Plaintiffs and Next Friends' identities to counsel for Defendant upon entry of a protective order. Plaintiffs seek only that the minors' names be redacted from the publicly filed documents in this case and that documents containing their names and personally identifying information be filed under seal. Where Plaintiffs disclose their real names to a Defendant, Courts have found that a Defendant's ability to conduct discovery or mount a defense will not be impaired. *In re Ashley Madison Customer Data Sec. Breach Litig.*, No. 2669, 2016 WL 1366616, at *4 (E.D. Mo. Apr. 6, 2016); *Doe v. United States*, 210 F. Supp. 3d 1169, 1173 (W.D. Mo. 2016); *Doe v. Hartz*, 52 F. Supp. 2d 1027, 1048 (N.D. Iowa 1999). The use of pseudonymous initials is the least restrictive method of ensuring the Plaintiff children's privacy. Although Federal and Local rules entitle Plaintiffs to use their initials, that protection is not sufficient to protect their privacy in this case, as a knowledgeable individual would still be able to identify them with those initials and the information contained in Plaintiffs' Complaint. Accordingly, Plaintiffs seek to use pseudonymous initials instead.

## CONCLUSION

For the reasons set forth above, Plaintiffs respectfully request that the Court grant their motion to proceed with the use of pseudonymous initials for the minor Named Plaintiffs and their parent Next Friends, order the Defendant not to publicly disclose or include in public filings the names or personal identifying information of the minor Named Plaintiffs or their parent Next Friends, order that the parties submit all publicly-filed pleadings, briefings, and evidence using the Named Plaintiffs' and Next Friends' pseudonymous initials instead of their names, and grant such other and further relief as may be just and proper.

– SIGNATURE PAGE TO FOLLOW –

Dated: January 6, 2023

Respectfully Submitted,

| **CHILDREN'S RIGHTS** | **DISABILITY RIGHTS IOWA** |
|---|---|
| /s/ *Harry Frischer*            . | /s/ *Cynthia A. Miller*            . |
| Harry Frischer (*Pro hac vice* forthcoming) | Cynthia A. Miller |
| Madeleine M. Kinney (*Pro hac vice* forthcoming) | Catherine Johnson |
| Stephanie Persson (*Pro hac vice* forthcoming) | Nathan Kirstein |
| Shira Wisotsky (*Pro hac vice* forthcoming) | 666 Walnut Street, Suite 1440 |
| 88 Pine Street, Suite 800 | Des Moines, IA 50309 |
| New York, New York 10005 | (515) 278-2502 |
| (212) 683-2210 | cmiller@driowa.org |
| hfrischer@childrensrights.org | cjohnson@driowa.org |
| mkinney@childrensrights.org | nkirstein@driowa.org |
| spersson@childrensrights.org | |
| swisotsky@childrensrights.org | |

| **NATIONAL HEALTH LAW PROGRAM** | **ROPES & GRAY LLP** |
|---|---|
| /s/ *Kimberly Lewis*            . | /s/ *Timothy R. Farrell*            . |
| Kimberly Lewis (*Pro hac vice* forthcoming) | Timothy R. Farrell (*Pro hac vice* forthcoming) |
| Elizabeth Edwards (*Pro hac vice* forthcoming) | 191 North Wacker Drive, 32nd Floor |
| 3701 Wilshire Blvd., Suite 750 | Chicago, IL 60606 |
| Los Angeles, CA 90010 | (312) 845-1209 |
| (310) 204-6010 | timothy.farrell@ropesgray.com |
| lewis@healthlaw.org | |
| edwards@healthlaw.org | |

*ATTORNEYS FOR PLAINTIFFS*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 6, 2023, I filed Plaintiffs' Motion to Proceed Using Pseudonyms and Plaintiffs' Brief in Support of Plaintiffs' Motion to Proceed Using Pseudonyms ("Pseudonym Papers") via ECF. I have arranged for service of a copy of the Pseudonym Papers contemporaneous with service of the Complaint and Summons on the following party. A formal Proof of Service is forthcoming.

Kelly Garcia<br>
Hoover State Office Building<br>
1305 East Walnut Street<br>
Des Moines, IA 50319

/s/ Nathan Kirstein
Nathan Kirstein
Disability Rights Iowa
666 Walnut St., 1440
Des Moines, IA 50309
(515) 278-2502
nkirstein@driowa.org