IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| C.A. through their next friend P.A.; C.B. through his next friend P.B.; and C.C. through his next friend P.C., for themselves and those similarly situated,<br><br>    Plaintiffs,<br><br>vs.<br><br>KELLY GARCIA, in her official capacity as Director of the Department of Health and Human Services,<br><br>    Defendant. | No. 4:23-cv-00009-SHL-HCA<br><br><br>**ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND RELATED RELIEF** |

    Plaintiffs—three Medicaid-eligible children—brought class action claims alleging that the Iowa Department of Health and Human Services failed to provide them with adequate mental and behavioral health treatment. After litigation and extensive settlement discussions, the parties reached a Settlement Agreement to resolve the case on a class-wide basis, which the Court preliminarily approved. The parties now seek final approval of the Settlement Agreement and related relief. (ECF 87.) The Court: (a) GRANTS final approval of the Settlement Agreement; (b) GRANTS Plaintiffs' request for reimbursement by Defendant of their reasonable attorneys' fees and costs in the negotiated amount; (c) GRANTS the parties' request to incorporate by reference the terms of the Settlement Agreement into this Order in the form of injunctive relief, over which the Court will retain jurisdiction; and (d) otherwise DISMISSES the action.

    Court approval is required for a class-wide settlement. Fed. R. Civ. P. 23(e). The approval process involves two stages. First, the Court conducts preliminary review of the settlement agreement. *Id*. If the Court concludes it likely will approve the agreement, it must "direct notice [of the settlement] in a reasonable manner to all class members who would be bound by the proposal." *Id*. Second, after notice has been provided, and "[i]f the proposal would bind class

members," the Court must hold a final approval hearing to determine whether the agreement is "fair, reasonable, and adequate" under factors set forth in Fed. R. Civ. P. 23(e)(2).

"A settlement agreement is 'presumptively valid.'" *In re Uponor, Inc., F1807 Plumbing Fittings Prods. Liab. Litig.*, 716 F.3d 1057, 1063 (8th Cir. 2013) (quoting *Little Rock Sch. Dist. v. Pulaski Cnty. Special Sch. Dist. No. 1,* 921 F.2d 1371, 1391 (8th Cir.1990)). However, under Fed. R. Civ. P. 23(e), "the district court acts as a fiduciary, serving as a guardian of the rights of absent class members." *In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 932 (8th Cir. 2005). In determining whether to approve a class settlement, the Court must consider the factors set forth in Fed. R. Civ. P. 23(e)(2), which include whether:

(A) the class representatives and class counsel have adequately represented the class;

(B) the proposal was negotiated at arm's length;

(C) the relief provided for the class is adequate, taking into account:

(i) the costs, risks, and delay of trial and appeal;

(ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class member claims;

(iii) the terms of any proposed award of attorney's fees, including timing of payment; and

(iv) the agreement required to be identified under Rule 23(e)(3); and

(D) the proposal treats class members equitably relative to each other.

*Id.*

In the course of evaluating these factors, the Eighth Circuit has directed district courts to consider: "(1) the merits of the plaintiff's case weighed against the terms of the settlement, (2) the defendant's financial condition, (3) the complexity and expense of further litigation, and (4) the amount of opposition to the settlement." *Marshall v. Nat'l Football League*, 787 F.3d 502, 508 (8th Cir. 2015) (quoting *In re Uponor*, 716 F.3d at 1063). "The single most important factor in determining whether a settlement is fair, reasonable, and adequate is a balancing of the strength of the plaintiff's case against the terms of the settlement." *Id.* (quoting *Van Horn v. Trickey*, 840 F.2d 604, 607 (8th Cir. 1988)).

The Court has considered the Rule 23(e)(2) factors. First, and most importantly, the Court is satisfied the settlement is "fair, reasonable, and adequate" given the substantial and meaningful

relief it awards to class members. The Settlement Agreement requires the statewide development and delivery of four key services (known as "Relevant Services") to eligible Iowans and incorporates an Implementation Plan that sets forth strategies and timelines for rolling out those Services. The Settlement Agreement should expand provider capacity and ensure the delivery of Relevant Services in the least restrictive setting, while also mandating standardized screening and assessment tools to determine eligibility and monitor performance. Both sides believe the Settlement Agreement will significantly improve outcomes for Medicaid-eligible Iowa children and youth with serious mental health needs.

The remaining factors reinforce why approval is appropriate. The parties negotiated at arm's length; indeed, they spent more than twelve months in settlement discussions, aided by now-retired United States Magistrate Judge Ross A. Walters.[1] During those negotiations, both sides were represented by experienced counsel who are familiar with both the subject matter of this case and how to litigate complex cases generally. To that end, there can be no doubt but that both sides were motivated to achieve a fair and reasonable agreement. On Plaintiffs' side, their counsel consists largely of attorneys who have devoted their careers to trying to ensure access to health care for vulnerable segments of the population. Their work exemplifies the highest calling of the legal profession. Similarly, on the defense side, the State had legitimate defenses that it could have pursued. The fact that it chose instead to negotiate settlement shows that its primary motivation was not to "win" this particular case, but rather to achieve a positive outcome for the State and its citizens. This is strong leadership.

The point is that the Settlement Agreement is clearly "not the product of fraud or collusion," but rather "is fair, adequate, and reasonable to all concerned." *Marshall v. Nat'l Football League*, 787 F.3d 502, 509 (8th Cir. 2015). The alternative to the Settlement Agreement would be ongoing litigation, which likely would take years (counting trial and appeal), with neither

---

[1] Although primary credit for the settlement must go to the parties, who worked together in good faith, the Court would be remiss not to emphasize the contributions of Judge Walters, who appears to have devoted dozens of hours to settlement conferences, phone calls, and other communications over many months to help the parties reach agreement. Effective the day of the parties' interim agreement—September 30, 2023—Judge Walters retired as a federal judge after more than twenty-five years of service. It is difficult to imagine a more fitting send-off than for Judge Walters, on his last official day, to have successfully mediated a settlement agreement on a matter of statewide importance. He surely handled this matter with the same combination of thoughtfulness, skill, integrity, and professionalism that characterized his entire judicial career.

side guaranteed to win. In these circumstances, the benefits of the Settlement Agreement outweigh the complexity, time, uncertainty, and cost of further litigation.

The parties provided reasonable notice of the Settlement Agreement in the manner directed by the Court, including public postings and targeted distributions to agencies and organizations likely to be in contact with class members or their families. The parties did not receive any objections from class members, nor did anyone request to speak at the final approval hearing. This, again, demonstrates the fairness and reasonableness of the Settlement Agreement.

The Court further concludes that the negotiated attorneys' fees are reasonable and should be awarded in the amount of $1,950,000 for past work plus up to $160,000 per year for fees and costs incurred in future work monitoring and validating compliance with the Settlement Agreement. Plaintiffs' counsel includes attorneys with non-profit organizations and in private practice. Collectively, they have dozens (if not hundreds) of years of experience in handling highly specialized cases like this one relating to the availability of health care services. Prior to filing this case, they report that they spent years investigating concerns about the availability and adequacy of mental health services for children in Iowa. Since filing, Plaintiffs' counsel has devoted thousands of hours to litigating the case, negotiating the settlement, and engaging in related research and investigation. Given the highly specialized nature and complexity of the case, the agreed-upon fee award is reasonable and satisfies the requirements of Fed. R. Civ. P. 23(h) and 42 U.S.C. § 1988.

Finally, the Court incorporates the terms of the Settlement Agreement (a copy of which is attached hereto as Exhibit A) in the form of injunctive relief and agrees to retain jurisdiction to enforce its terms. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381 (1994); *Franklin v. Kinsley*, No. 5:17-CV-581-FL, 2024 WL 2926184, at *1 (E.D. N.C. June 10, 2024). In all other respects, the case is DISMISSED and will be administratively closed.

**IT IS SO ORDERED.**

Dated: May 7, 2025.

_____
STEPHEN H. LOCHER
U.S. DISTRICT JUDGE